## H. B. BLICK *v.* COMMONWEALTH.

**Criminal Law—Intoxicating Liquors.** ·

Where one holds a license as a merchant to sell liquor in quantities of not less than a quart, "to be taken off and drunk elsewhere than on his premises or adjacent thereto," sells such liquors, and the purchaser takes them into the highway adjacent to the seller's premises and drinks them there, the seller is guilty of a violation of the statute against keeping a tippling house.

**Power of Legislature.**

In granting a ·license to sell liquors the general assembly has a right to attach to it any conditions it may deem proper. and may hold the licensee responsible for the use made of intoxicating liquors sold by him, and where he accepts such a license he cannot complain at being so held responsible.

### APPEAL FROM LOGAN CIRCUIT COURT.

#### September 26, 1879.

OPINION BY JUDGE COFER:

The appellant was indicted and convicted of the offense of keeping a tippling house. It was admitted on the trial that he had a license as a merchant to sell in quantities of not less than a quart, "to be taken off and drank elsewhere than on his premises or adjacent thereto." Sec. 1, Art. 2, Chap. 106, General Statutes. The evidence conduced to prove that he sold whisky by the quart; that buyers took it out into a public street or road running in front of the store where the liquor was purchased, and then drank it, as we assume, without the appellant's knowledge or consent.

The court instructed the jury, in substance, that although the appellant sold by the quart only and had a license to so sell, yet if those who bought whisky of him took it into the public highway, adjacent to the premises on which it was purchased and there drank it, they should find the defendant guilty. The statute provides that "any person, unless he have a license therefor, who shall sell in any quan-

tity wine or spirituous liquors, or the mixture of either, in any house, to be drunk therein, or on adjacent premises to where sold, or shall sell the same, and it shall be so drunk, shall be deemed guilty of keeping a tippling house, and fined the sum of sixty dollars."

A similar provision in the Revised Statutes was construed in *Curd and Ward v. Commonwealth,* 14 B. Mon. 386, and it was there held that "if the liquor which shall be sold in any store-room or other house, regardless of quantity, whether it be a gill or a hogshead, less or more, shall be actually drank upon the premises or upon an adjacent square, road or street, or upon adjacent premises, the vendor, whoever he may be, except a licensed tavernkeeper, is guilty of keeping a tippling house," etc.

The rule there laid down has been adhered to in many unpublished cases, and must be presumed to have been well known to the legislature, and the incorporation of the same provision in the General Statutes must be regarded as a legislative approval of that construction, and we do not feel at liberty now to depart from it. Nor are we prepared to say that if the question was an open one we would not give the language the same construction.

Counsel contends that the appellant, having a merchant's license, was authorized to sell by the quart, and having sold in no other way, did not, by any act of his, violate the law, and that to punish him for an act done by another without his consent and in the public highway where he had no power to control his action is unreasonable and unconstitutional. In this we do not concur. The legislature in granting a license had a right to attach to it such conditions as it saw proper, and to hold the licensee responsible for the use made of intoxicating liquors sold by him, and one who accepts and sells under a license cannot complain that he is held to such accountability.

Wherefore the judgment is *affirmed.*

*J. S. Galloday,* for appellant.   *Hardin,* for appellee.